[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs initiated the present action on November 19, 1993. The plaintiffs' counsel attached to the complaint a document entitled "Affidavit of Loss." In the affidavit, plaintiffs' counsel averred that he had delivered the writ, summons, and complaint to a sheriff, who in turn duly served the defendants, but that the original writ, summons and complaint had been misplaced. The plaintiffs therefore filed with the CT Page 11874 court a copy of the original writ, summons and complaint. The defendants filed an appearance on March 29, 1994. The pleadings were closed on July 13, 1994 and the case was claimed to the trial list on the same date.
On October 5, 1994, the defendants moved to dismiss the plaintiffs' action, arguing that the plaintiffs' failure to file the original process and complaint deprived the court of subject matter jurisdiction. The defendants cite no authority for this proposition.
In the present case, the defendants object to the form of the process. The Connecticut Supreme Court has held that:
 except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction. . . . [J]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . . Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. . . . The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it. . . . Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver.
(Internal citations omitted; internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728 (1989).
 An improperly executed writ or citation does not, therefore, affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed citation may be waived by the defendant. . . . A defendant may contest the personal jurisdiction of the court "even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142.
Brunswick v. Inland Wetlands Commission, 222 Conn. 541, 551, CT Page 11875610 A.2d 1260 (1992).
Since the defendants failed to move to dismiss the plaintiffs' complaint within thirty days of the filing of their appearance, as required by Practice Book § 142, they (defendants) waived their ability to challenge the court's jurisdiction over their person (defendants). Therefore, the defendants' motion to dismiss is denied.
WILLIAM J. SULLIVAN, J.